UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20220-MOORE/Elfenbein

**UNITED STATES OF AMERICA**,

v.

**ERIK HADAD**,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendant, Erik Hadad's ("Hadad") Motion to Dismiss (the "Motion"), ECF No. [17]. The Honorable K. Michael Moore referred this case to me to take all necessary and proper action as required by law and/or to submit a Report and Recommendation regarding all matters and pre-trial motions, except for motions for continuance of trial. *See* ECF No. [10]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion, ECF No. [17], be **DENIED**.

**I.   BACKGROUND**

A grand jury returned an indictment charging Hadad with carjacking, in violation of 18 U.S.C. § 2119(1), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* ECF No. [3]. Starting with Count 1, the Indictment alleges as follows:

> On or about December 19, 2023, in Miami-Dade County, in the Southern District of Florida, the defendant,
>
> **ERIK HADAD**,
>
> with the intent to cause death and serious bodily harm, did take, and attempt to take, a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, that is, a Honda Accord, from the person and presence of

> another, that is, VICTIM 1, by force and violence, and by intimidation, in violation of Title 18, United States Code, Sections 2119(1) and 2.

*Id.*

With regard to Count 2, the Indictment alleges the following:

> On or about December 19, 2023, in Miami-Dade County, in the Southern District of Florida, the defendant,
>
> **ERIK HADAD**,
>
> did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 2119(1), as charged in Count 1 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(l)(A).
>
> Pursuant to Title 18, United States Code, Section 924(c)(l)(A)(ii), it is further alleged that the firearm was brandished.

*Id.*

In the Motion, Hadad has moved to dismiss the Indictment, arguing that the Court lacks jurisdiction over the case because the Government cannot show that the vehicle had been transported, shipped, and received in interstate or foreign commerce. *See generally* ECF No. [17]. In doing so, Hadad attaches a variety of documents to the Motion and sets forth a factual recitation of evidence relating to the vehicle involved in the carjacking for the purpose of providing the Court with "a complete picture" to rule on the Motion.[1] *See* ECF No. [17] at 3. He explains that the vehicle involved in the carjacking was a silver Honda Accord that YAR Investments LLC ("YAR Investments") purchased as a salvage vehicle at an insurance sale. *Id.* At the time YAR Investments purchased the vehicle, it had been deemed a "wreck" or "total loss" and was, therefore, inoperable. *Id.* Because the car was inoperable and not fully assembled, it was shipped on a

---

[1] This summary of Hadad's Motion is not intended to suggest that the Court is making any factual findings regarding the evidence attached to the Motion. It is simply summarizing Hadad's contentions.

flatbed truck to Guru in Miramar, Florida and Guru thereafter reassembled or rebuilt the car to make it operable again. *Id.* Guru then had the car inspected under state inspection laws to ensure it was safe to operate and applied for and received a rebuilt/salvage title for the vehicle. *Id.* Victim 1 ultimately purchased the vehicle on October 11, 2023, and it has remained within the State of Florida since then.[2] *Id.* at 4. Based on these facts, the Motion argues that 18 U.S.C. § 2119(1) requires, as one of its elements, that the vehicle had previously moved in interstate or foreign commerce, but the vehicle involved in the carjacking was a reassembled vehicle that "did not have any nexus with interstate commerce." *Id.* at 9, 13. As a result, Hadad argues that the Court lacks jurisdiction to proceed, requiring the dismissal of the indictment. *Id.* at 13.

The Government's Response, in turn, argues that Hadad's Motion is asking the Court to employ a summary-judgment-like standard that the Federal Rules of Criminal Procedure do not recognize. *See* ECF No. [22]. Explaining that the Court must review the sufficiency of the Indictment on its face without resorting to extrinsic facts, the Government argues that the Indictment sets forth all the essential elements of the offense, including an allegation that the vehicle previously moved in interstate or foreign commerce. *Id.* Given the sufficiency of the allegations on the face of the Indictment, the Government requests that the Motion be denied. *Id.*

In his Reply, Hadad asks the Court to disregard the Government's procedural argument because "there is no disputed question of fact to be resolved with regard to the vehicles [sic] 'nexus with interstate commerce' allegation" and that, based on the unique facts of the case, this question is one of law that should be resolved at this juncture. *See* ECF No. [23] at 1. Although Hadad's Reply recognizes that the grand jury's Indictment indeed alleges that the vehicle was transported,

---

[2] The Motion also sets forth other information relating to the circumstances that led to the carjacking alleged in Count 1 of the Indictment. This information is not necessary or pertinent to the resolution of the issue raised in the Motion to Dismiss.

3

shipped, and received in interstate or foreign commerce and that such an allegation would generally be enough to defeat a motion to dismiss, he argues that the facts here are unique and undisputed, warranting a different result. The Motion is now ripe for review.

## II. LEGAL STANDARDS

It is well-settled in the Eleventh Circuit that when a party seeks to dismiss an indictment under Federal Rule of Civil Procedure 12(b), it may only be dismissed "where there is an infirmity of law in the prosecution[,]" but "a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Indeed, going back to former Fifth Circuit law, it is clear that in deciding a motion to dismiss an indictment, a district court cannot pierce the pleadings or make a premature resolution of the indictment's merits. *Id.* (citing *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978) (stating that when reviewing the sufficiency of the allegations of an indictment on a motion to dismiss, "the court must look to the allegations and, taking the allegations to be true, determine whether a criminal offense has been stated.").

As the Eleventh Circuit has explained, "[t]here is no summary judgment procedure in criminal cases," and the Rules do not "provide for a pre-trial determination of sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). As long as the indictment charges in the language of the statute and sets forth all the essential elements of the crime, the indictment is sufficient as it has informed the defendant of the charges against him and has enabled the defendant to plead double jeopardy in the future for any prosecution involving the same offense. *Id.* at 307-08. "Constitutional requirements are fulfilled 'by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.'" *Id.* at 308 (quoting *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983)).

4

## III.    DISCUSSION

After reviewing the Motion, Response, and Reply, and considering the relevant legal standards, I recommend that the Motion be **DENIED** as the Indictment is sufficient on its face. To find otherwise, by considering evidence Hadad attaches to his Motion and deciding the issue as a matter of law based on purported undisputed facts, would contravene Eleventh Circuit jurisprudence — something this Court will not do.

In its Response, the Government directs the Court to various analogous cases in which district courts in this Circuit were prematurely asked to consider certain facts beyond the face of the indictment on a motion to dismiss. These cases are instructive and binding. In *United States v. Salman*, 378 F. 3d 1266, 1267 (11th Cir. 2004), the defendant moved to dismiss his indictment because, "based on certain undisputed facts," the defendant was not illegally or unlawfully in the United States. Reversing the district court, the Eleventh Circuit explained that "[b]y looking beyond the face of the indictment and ruling on the merits of the charges against [the defendant], the district court in effect granted summary judgment in favor of the defendant[;]" and, "[i]n doing so, the district court overlooked binding precedent from this court." *Id.* (citing *Critzer*, 951 F.2d at 307). As the grand jury had properly indicted the defendant, the government had a right to present its evidence at trial. *Id.* at 1268. Instead of a motion to dismiss, the Circuit Court explained that the proper avenue to challenge the sufficiency of the evidence in a criminal case is a motion for acquittal under Rule 29. *Id.* Recognizing that "our system of criminal procedure may result in legally meritless cases being sent to trial," without further legislative direction, courts cannot "filter which criminal cases may reach the trial stage by reviewing proffered evidence in advance." *Id.* at 1269. *See also United States v. McGill*, 634 F. App'x 234 (11th Cir. 2015) (affirming district court's denial of motion to dismiss indictment when the face of the indictment contained all the

5

elements of the offense, apprising the defendant of the accusations against him, and finding that the district court correctly declined to consider extrinsic evidence challenging the sufficiency of the indictment).

Here, a grand jury returned an indictment against Hadad that alleges the very element that he claims the Government cannot prove — whether the vehicle previously moved in interstate or foreign commerce. Hadad acknowledges as much in his Reply. *See* ECF No. [23] at 1-2 ("Hadad agrees that the indictment returned by the grand jury (DE 3) does refer to the vehicle [being] transported, shipped, and received in interstate and foreign commerce"). But, in a footnote, Hadad questions whether the facts he contends are undisputed were presented to the grand jury in the first instance. *Id.* at 2 n.2. Assuming without deciding that such evidence is exculpatory, "an indictment cannot be invalidated based on the government's failure to present known exculpatory evidence to the grand jury." *United States v. Kalman*, 677 F.3d 1316, 1324 (11th Cir. 2012) (citing *United States v. Williams*, 504 U.S. 36, 55 (1992)). Indeed, "courts must 'abstain from reviewing the evidentiary support for the grand jury's judgment'" and as long as the grand jury finds probable cause, a failure to present any exculpatory evidence does not invalidate an indictment. *Id.* at 1325 (quoting *Williams*, 504 U.S. at 55). Given the grand jury's historical role as an independent accusatory body, our jurisprudence "evince[s] a powerful reluctance to allow pretrial challenges to the *evidentiary* support for an indictment." *Id.* (emphasis in original). In *Kaley*, much like Hadad here, the defendant asked the district court to consider new evidence (along with whatever evidence was presented to the grand jury) to challenge whether probable cause existed as to one element of the offense — whether the goods at issue were stolen in the first place. *Id.* at 1326. Rejecting the approach, the Eleventh Circuit "declined defendant's invitation to lodge such a challenge to the grand jury's probable cause determination." *Id.*

The Court likewise declines Hadad's invitation to consider extrinsic evidence when determining the sufficiency of the grand jury's Indictment as it relates to the interstate element of the carjacking offense. *See Salman*, 378 F.3d at 1267 n.4 ("Thus, we adhere to *Critzer*, our more recent precedent, which squarely addresses whether a district court may grant a motion to dismiss an indictment as a matter of law based on stipulated or undisputed facts. *Critzer* clearly indicates that the district court's ruling in this case [which was based on undisputed facts] is inappropriate.") (emphasis added). So long as the Indictment tracks the wording of the statute, setting forth the essential elements of the crime, it satisfies the constitutional requirements. *Id.* at 308 (quoting *Yonn*, 702 F.2d at 1348. And, in this case, the Indictment does exactly that. The essential elements of carjacking consist of: (1) taking or attempting to take a motor vehicle from or in the presence of another; (2) doing so by force and violence or by intimidation; (3) the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce; and (4) intent to cause death or serious bodily harm when taking the motor vehicle. *See* Eleventh Circuit Criminal Pattern Jury Instructions, O78. Consistent with the required elements, Count 1 alleges that: Hadad, "with the intent to cause death and serious bodily harm, did take, and attempt to take, a motor vehicle *that had been transported, shipped, and received in interstate and foreign commerce*, that is, a Honda Accord, from the person and presence of another, that is, VICTIM 1, by force and violence, and by intimidation." ECF No. [3] (emphasis added). Comparing the elements of the offense to the allegations in Count 1, the Court finds that the Indictment is sufficient on its face and recommends that the Motion be denied.

In his Motion and Reply, Hadad asks the Court to consider two cases from other circuits, *United States v. Johnson*, 56 F.3d 947 (8th Cir. 1995) and *United States v. Gamble*, 939 F. Supp. 569 (E.D. Mich. 1996). Neither of these cases require a different result here. Although *Johnson*

raised a similar argument to the one Hadad advances — whether the government had proven the car involved in the carjacking had moved in interstate or foreign commerce — the procedural posture was quite different. 56 F.3d at 956. The defendant raised the issue in *Johnson* on a motion for judgment of acquittal after presenting evidence at trial. Here, Hadad asks the Court to consider this issue at the motion-to-dismiss stage; therefore, *Johnson* does not support Hadad's argument that the Court can and should consider his extrinsic evidence to challenge the sufficiency of the Indictment.

As for *Gamble*, the defendant in that case presented the same legal issue — a motion to dismiss seeking to challenge whether the motor vehicle involved in the carjacking traveled in interstate or foreign commerce. 939 F. Supp. at 569-70. In that case, it appears that the district court indeed considered evidence proffered by the parties in deciding the sufficiency of the indictment and whether the interstate element was satisfied. *Id.* Such a procedure, however, is not consistent with long-standing and clear Eleventh Circuit jurisprudence, as explained above, and for that reason, this Court finds *Gamble* unpersuasive.

As the Indictment includes all the essential elements of the offense of carjacking, including the required element that the motor vehicle was previously transported, shipped, or received in interstate or foreign commerce, it is sufficient on its face and Hadad's Motion is due to be denied.

**III.   CONCLUSION**

For the foregoing reasons, I respectfully **RECOMMEND** that Defendant Erik Hadad's Motion to Dismiss, **ECF No. [17]**, be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the

CASE NO. 24-CR-20220-MOORE/Elfenbein

parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on September 9, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record