UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:24-cr-20220-KMM-1

UNITED STATES OF AMERICA

v.

ERIK HADAD,

    Defendant.
_____/

**ORDER ON REPORTS AND RECOMMENDATIONS**

THIS CAUSE came before the Court upon two Motions to Dismiss the Indictment. ("Motions") (ECF Nos. 17, 29). The matter was referred to the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation regarding all matters and pretrial motions. (ECF No. 10). Magistrate Judge Elfenbein issued a Report and Recommendation for each respective Motion, recommending that the Motions be DENIED. *See* (ECF Nos. 32, 48). Neither Defendant nor the Government objected to the Reports and Recommendations. The matter is now ripe for review. As set forth below, the Court ADOPTS each Report and Recommendation.

I.    **FACTUAL BACKGROUND**[1]

A grand jury returned an Indictment charging Defendant Erik Hadad with carjacking, in violation of 18 U.S.C. § 2119(1), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Indictment  Count I of the Indictment alleges that on or about December 19, 2023, Defendant Erik Hadad:

---

[1] The uncontested facts contained herein are variously taken from the Indictment filed in this matter. ("Indictment") (ECF No. 3).

> with the intent to cause death and serious bodily harm, did take, and attempt to take, a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, that is, a Honda Accord, from the person and presence of another, that is, VICTIM 1, by force and violence, and by intimidation, in violation of Title 18, United States Code, Sections 2119(1) and 2.

*Id.*

Count II of the Indictment alleges that on or about December 19, 2023, Defendant Erik Hadad:

> did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 2119(1), as charged in Count 1 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(l)(A).
>
> Pursuant to Title 18, United States Code, Section 924(c)(l)(A)(ii), it is further alleged that the firearm was brandished.

*Id.*

In Defendant's first Motion to Dismiss ("First Motion"), Defendant moves to dismiss the Indictment on the grounds that the Court lacks jurisdiction over the case because the Government cannot show that the vehicle had been transported, shipped, and received in interstate or foreign commerce. *See generally* (ECF No. 17). In Defendant's second Motion to Dismiss ("Second Motion") Defendant seeks to dismiss the Indictment on the grounds that the statute is unconstitutional as applied to him, citing the doctrine of vagueness and the rule of lenity. *See* (ECF No. 29) at 6–10. Magistrate Judge Elfenbein recommends that that the Court deny both Motions. *See generally* (ECF Nos. 32, 48). Neither Defendant nor the Government objected to Magistrate Judge Elfenbein's findings.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed.

R. Crim. P. 59(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III. DISCUSSION

With respect to the First Motion, Defendant moves to dismiss the Indictment on the grounds that the Court lacks jurisdiction over the case because the Government cannot show that the vehicle had been transported, shipped, and received in interstate or foreign commerce. *See generally* First Motion.  In support, Defendant attaches several documents and provides a recitation of evidence regarding the vehicle involved in the alleged carjacking to explain that the vehicle "did not have any nexus with interstate commerce." *Id.* at 9.  Thus, Defendant argues that the Court lacks jurisdiction to proceed. *Id.* Magistrate Judge Elfenbein recommends that the First Motion be denied, given the "Indictment [absent extrinsic evidence] is sufficient on its face" in consideration of a motion to dismiss. (ECF No. 32) at 5.  Magistrate Elfenbein asserts that to find otherwise, in consideration of the evidence Defendant attaches to the First Motion, would require deciding the issue as a matter of law based on purported undisputed facts, which is foreclosed by

the binding precedent of this Circuit. *See United States v. Salman,* 378 F. 3d 1266, 1267 (11th Cir. 2004) ("By looking beyond the face of the indictment and ruling on the merits of the charges against [the defendant], the district court in effect granted summary judgment in favor of the defendant[;]" and, "[i]n doing so, the district court overlooked binding precedent from this court."); *United States v. McGill*, 634 F. App'x 234 (11th Cir. 2015) (affirming the district court's denial of motion to dismiss indictment and finding that the district court correctly declined to consider extrinsic evidence challenging the sufficiency of the indictment). This Court agrees.

With respect to the Second Motion, Defendant moves to dismiss the Indictment on the grounds that the statute is unconstitutional as applied to him, citing the doctrine of vagueness and the rule of lenity. *See* (ECF No. 29) at 6–10. Defendant argues that the federal carjacking statute 18 U.S.C. § 2119 should not be applied to the circumstances involving repossession of a vehicle and that the Government has stretched the statute too far where Defendant lawfully had the right to take possession of the vehicle. *Id.* at 7–8. Defendant concludes that "[p]ursuant to 18 U.S.C. § 2119 and the due process clause of the Fifth Amendment, the facts of this case as applied to Mr. Hadad are unconstitutionally vague." *Id.* at 9. To decide this as-applied constitutional challenge, Defendant asks the Court to consider not only the facts raised in his First Motion, but also additional facts he includes in the Second Motion. *Id.* at 1. Magistrate Judge Elfenbein recommends that the Second Motion be denied because Defendant's as-applied challenge is premature, and the Court cannot consider facts beyond those in the Indictment when ruling on the Motion. *See United States v. Hoover*, 635 F. Supp. 3d 1305, 1320 (M.D. Fla. 2022) (finding that a defendant's vagueness challenge was an issue of fact for the jury because it required resolution of whether the device at issue constituted a machine gun); *United States v. Walton*, No. 16-CR-145TWT-JKL, 2018 WL 7021860, at *4 n.5 (N.D. Ga. Nov. 5, 2018) ("To resolve an as-applied

void-for-vagueness challenge using this conduct-based approach, the Court would have to either make factual findings relating to the charged conduct prior to trial, or, alternatively, employ some sort of procedural mechanism similar to summary judgment, where the Court would view the facts in the light most favorable to one of the parties.  The Court is not authorized to do either of those things.").  The Court agrees.

The Court received no objections to the aforementioned findings in each respective Report and Recommendation.  Upon a review of the record, the Court finds no clear error with Magistrate Judge Elfenbein's findings.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions, the Report and Recommendations, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that each Report and Recommendation (ECF Nos. 32, 46) is ADOPTED, and Defendant's Motions to Dismiss the Indictment (ECF Nos. 17, 29) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this __1st__ day of October, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record